UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TRINIDAD & TOBAGO INS. LTD., a/s/o
ALSTONS MARKETING CO., LTD.,

    Plaintiff,

v.

M/V KNOCK, its engines, boilers, etc., *in rem*,
KING OCEAN SERVICES LTD.
and MARTAINER, INC., *in personam*,

    Defendants.
_____/

## COMPLAINT

Plaintiff Trinidad & Tobago Ins. Ltd., a/s/o Alstons Marketing Co., Ltd. ("TATIL"), by its undersigned attorneys, Horr, Novak & Skipp, P.A., complaining of the defendants, alleges upon information and belief as follows:

## FOR A FIRST CAUSE OF ACTION

1. This is a case of Admiralty and Maritime Jurisdiction pursuant to 28 U.S.C. § 1333 and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all material times, plaintiff TATIL was and now is a corporation or other business entity duly organized and existing under the laws of a foreign country with an office and a place of business at 11 Maraval Road, Port of Spain, Trinidad & Tobago.

3. At all material times, defendant King Ocean Services Ltd. ("KOS") was and now is a corporation or other business entity duly organized and existing under the laws of the State

of Florida with an office and a place of business at 11000 N.W. 29th Street, Suite 201, Doral, Florida 33172.

4. At all material times, defendant Martainer, Inc., ("Martainer") was and now is a corporation or other business entity duly organized and existing under and by virtue of the laws of the United States with an office and a place of business at 11000 N.W. 29th Street, Suite 201, Doral, Florida 33172.

5. At all material times, defendant KOS was and is a common carriers and owned, chartered, operated and/or managed or acted as agents for the M/V KNOCK and operated the vessel in the common and/or private carriage of goods by water for hire between various ports of the world, including ports of the United States.

6. At all material times, defendant Martainer was a trucking company and was the agent for defendant KOS.

7. At all material times, defendant M/V KNOCK was and now is an ocean-going vessel engaged in the common and/or private carriage of cargo on the high seas between various ports of the world, including ports of the United States and the port of Miami, Florida.

8. At all material times, defendants were and now are doing business in this District and within the jurisdiction of this Court and/or have consented to the jurisdiction of this Court.

9. At all relevant times, plaintiff was and now is the owner, consignee, and/or party having the risk of loss of the cargo described herein laden, in good order and condition on board the vessel M/V KNOCK at the time of the occurrences herein described, and/or is the lawful owner and holder of the bill of lading covering the shipment of cargo so laden, and of any claim and right of recovery for the loss thereto, and was entitled to delivery of the shipment in accordance with the terms of certain contracts of carriage referred to herein. Plaintiff brings this

action not only on its own behalf, but as agent and trustee, and for the account of the owners thereof, and/or on behalf of and for the benefit of others who may ultimately prove to be interested in said shipment, as their respective interests may ultimately appear.

10.   On or about January 24, 2014, there was delivered to defendants a container of 10,383.64 kilograms of frozen beef, seafood and prepared foods owned by and/or consigned to plaintiff, in good order and condition, for transportation to and delivery at Point Lisas, Trinidad and Tobago.  The defendants accepted the shipment and agreed to transport and carry the shipment to the port of destination and there deliver the shipment to the consignees in like good order and condition as when received by them, all in consideration of an agreed freight and in accordance with the valid terms and conditions of a certain contract of carriage and/or bill of lading issued by and/or on behalf of one or more of the defendants, including a bill of lading No. MIAPTS00939, dated January 25, 2014.

11.   The shipment was accepted by the defendants for shipment to Point Lisas and placed on board the M/V KNOCK and arrived at the port of discharge where defendants failed to discharge and deliver the cargo in the same good order and condition as when delivered to defendants at the port of shipment, but on the contrary, the cargo was missing, damaged and/or short due to the negligence or breach of duty of defendants and/or their agents, servants, employees or representatives, resulting in the loss claimed herein.

12.   All conditions precedent required of plaintiff and of all other interests in said shipment have been performed.

13.   This action is within the Admiralty and Maritime Jurisdiction of the United States and of this Court.

14. By reason thereof, plaintiff (and those on whose behalf this suit is brought) has sustained damages in the sum of approximately $80,000.00, as nearly as the same can now be estimated, no part of which has been paid. Plaintiff reserves its right to increase this amount should its losses and damages ultimately be in excess thereof.

## FOR A SECOND CAUSE OF ACTION

15. Plaintiffs repeat and reallege paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. On or about the aforementioned dates, there was delivered to aforementioned defendants and the M/V KNOCK, a container of 10,383.64 kilograms of frozen beef, seafood and prepared foods, owned by and/or consigned to plaintiff, in good order and condition, for transportation on the vessel by defendants and the vessel, having the shipment on board as aforesaid, sailed from the port of shipment and arrived at the port of discharge, and there failed to deliver the cargo in the same good order and condition as when delivered to defendants at the port of shipment, but on the contrary, the cargo was missing, damaged and/or short due to the negligence and other breach of duty of defendants and/or their agents, servants, employees or representatives.

17. The loss and/or damage was not caused by any fault, neglect or want of care on the part of the plaintiff, its agents, servants or employees, but was proximately caused or contributed to by the fault, neglect and want of care on the part of defendants and/or their agents, servants, employees or representatives, in that defendants failed to maintain, operate or manage the vessel in a seaworthy and secure condition, or from other acts, omissions, matters or transactions for which defendants are liable.

18.	By reason of the premises, plaintiff (and those on whose behalf this suit is brought) has sustained damages in the sum of $80,000.00, as nearly as the same can now be estimated, no part of which has been paid.  Plaintiff reserves its right to increase this amount should the losses and damages ultimately be in excess thereof.

**WHEREFORE**, plaintiff prays:

1.	That judgment in the sum of $80,000.00 be entered in favor of the plaintiff and against defendants, together with interest and costs;

2.	That process in due form of law according to the practices of this Court in causes of Admiralty and Maritime jurisdiction may issue against each of the defendants, citing them to appear and answer under oath all and singular the matters aforesaid; and

3.	That the plaintiff be granted such other and further relief as in law and justice it may be entitled to receive.

Dated:  February 17, 2015
	Miami, FL

	Respectfully submitted,

	/s/ Patrick E. Novak
	PATRICK E. NOVAK
	Florida Bar No.: 838764
	pnovak@admiral-law.com
	HORR, NOVAK & SKIPP, P.A.
	Two Datran Center, Suite 1700
	9130 S. Dadeland Boulevard
	Miami, FL 33156
	Telephone: (305) 670-2525
	Facsimile: (305) 670-2526
	Attorneys for Plaintiff

CASE NO.: _____
PAGE 6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Patrick E. Novak
PATRICK E. NOVAK
Florida Bar No.: 838764
pnovak@admiral-law.com

/_____